```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION

AVIDAN FROMMER,

                  Plaintiff,

vs.                                 Case No.  2:12-cv-583-FtM-29UAM

TT OF NAPLES, INC.,

                  Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative Motion to Strike (Doc. #8) filed on December 19, 2012.  Plaintiff filed a Response (Doc. #12) on January 15, 2013.  For the reasons set forth below, the motion is granted.

**I.**

On October 26, 2012, plaintiff Avidan Frommer filed a one-count Complaint (Doc. #1) against defendant TT of Naples, Inc. (TT).  Plaintiff brings claims for religious discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).  (Id.)

In the Complaint, plaintiff alleges that he began working for TT in 2008, as a business manager at its Naples dealership; his supervisors had known for years that he practiced the Jewish faith; in the fall of 2010, shortly after plaintiff and his wife committed

to becoming more spiritually observant, plaintiff advised his supervisors that he needed Saturdays off in order to be able to observe the Sabbath; the request was initially granted; in November 2010, plaintiff's general manager sent plaintiff an e-mail stating that he must begin working on Saturdays; on the following Monday, plaintiff met with the general manager and informed him that he could not work Saturdays; the general manager asked plaintiff to train someone to fill in for him on weekends; plaintiff trained many people including sales persons, sales managers, and a receptionist and created an excel program to help with their work in his absence; problems arose between plaintiff and his supervisor, coworkers, and sales managers who resented covering for him; on March 21, 2011, plaintiff's supervisor informed plaintiff that TT would be hiring someone else to perform his duties full time and would impose a permanent pay cut to his salary; plaintiff was informed that if he did not sign off on the new plan, he would be excused from work; later that day, plaintiff learned that his access to his work e-mail was suspended and was informed by TT's human resources department that he had been terminated. (Id.)

Defendant contends that the Complaint fails to meet the Federal Rules of Civil Procedure pleading standards, fails to state a claim upon which relief may be granted, and does not sufficiently put defendant on notice of the claims brought against defendant. (Doc. # 8.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This is "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th

Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

**A.  Fed. R. Civ. P. 8 and 10**

TT asserts that Count I of the Complaint should be dismissed because Count I fails to put it on notice as to the claims asserted against it in contravention of Fed. R. Civ. P. 8 and 10.  (Doc. #8, pp. 14, 15.)  Specifically, TT asserts that plaintiff has intermixed two separate causes of action found under two separate federal statutes, Title VII and 42 U.S.C. § 1981, into one count. (Id.)

Title VII prohibits employers from discriminating against individuals with respect to compensation, terms, conditions, or privileges of employment because of the individual's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1). This statute prohibits disparate treatment discrimination in which an employer discriminates against an employee because of the person's membership in a protected group. Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 807 (11th Cir. 2010)(en banc). Title VII also requires an employer "make reasonable accommodation for the religious observances of its employees, short of incurring

an undue hardship." Dixon v. Palm Beach Cnty. Parks & Recreation Dep't, 343 F. App'x 500, 501 (11th Cir. 2009)(quoting Lake v. B.F. Goodrich Co., 837 F.2d 449, 450 (11th Cir. 1988)).

To establish a prima facie case of disparate treatment, a plaintiff must show: "(1) he is a member of a protected class; (2) he was subject to an adverse employment action; (3) his employer treated similarly situated employees who were not members of his protected class more favorably; and (4) he was qualified for the job or benefit at issue." Dixon, 343 F. App'x at 501 (citing Gillis v. Georgia Dep't of Corrs., 400 F.3d 883, 887 (11th Cir. 2005)). To establish a prima facie case of religious discrimination based on a failure to accommodate religious beliefs, a plaintiff must show: "(1) he had a bona fide religious belief that conflicted with an employment requirement; (2) he informed his employer of his belief; and (3) he was disciplined for failing to comply with the conflicting employment requirement." Id. at 502 (citing Morrissette-Brown v. Mobile Infirmary Med. Ctr., 506 F.3d 1317, 1321 (11th Cir. 2007)).

42 U.S.C. § 1981(a) states in relevant part:

> All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. . . .

42 U.S.C. § 1981(a). The statute is a "prohibition against racial discrimination in the making and enforcement of contracts" and in the conduct of a contractual relationship. <u>Rivers v. Roadway Express, Inc.</u>, 511 U.S. 298 (1994).

The Court concludes that for the sake of clarity plaintiff must set forth each separate claim in a separate count. Fed. R. Civ. P. 10(b). As it currently exists, the one count is essentially a shotgun complaint which fails to provide the necessary clarity for either defendant or the Court. Accordingly, the Complaint will be dismissed without prejudice with leave to file an amended complaint setting forth the disparate treatment, reasonable accommodation, and 42 U.S.C. § 1981 claims in separate counts.

## B.  **Fed. R. Civ. 12(b)(6)**

Because the Complaint is being dismissed with leave to refile, the Court need not address the separate issue of whether it sufficiently pleads a claim for disparate treatment, reasonable accommodation, or 42 U.S.C. § 1981. However, the Court will advise plaintiff that 42 U.S.C. § 1981 is directed at racial discrimination and not religious discrimination. <u>See</u> <u>Touron v. Dade Cnty., Fla.</u>, 119 F.R.D. 41, 43 (S.D. Fla. 1988).[1]

Accordingly, it is now

---

[1] The Court also need not address defendant's arguments that plaintiff failed to attach documents referenced in the Complaint and failed to properly plead punitive damages.

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative Motion to Strike (Doc. #8) is **GRANTED** and the Complaint (Doc. #1) is **DISMISSED WITHOUT PREJUDICE.**

2. Plaintiff may file an Amended Complaint within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this 26th day of July, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record